RAYMOND G. KEENEY, EXECUTOR, ESTATE OF GEORGE E. KEENEY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 11715, 14424. Promulgated March 6, 1929.

*Benedict M. Holden, Esq.*, and *Daniel C. Flynn, Esq.*, for the petitioner.

*Frank S. Easby-Smith, Esq.*, for the respondent.

716

## OPINION.

LANSDON: In this proceeding the petitioner claims the right to take a partial deduction of a bad debt in the year 1921 under the provisions of section 214 (a) (7) of the Revenue Act of 1921, which reads as follows:

Debts ascertained to be worthless and charged off within the taxable year * * * and when satisfied that a debt is recoverable only in part, the Commissioner may allow such debt to be charged off in part.

It is beyond dispute that the petitioner's decedent lost the amount here in controversy, and we must decide whether, in the circumstances disclosed by the record, such loss is deductible from his gross income for the purpose of determining his tax liability for the year 1921.

The amount here in controversy was charged off by the petitioner's decedent in the taxable year. The evidence is convincing that such amount was part of a debt ascertained to be worthless in that year, at least to the extent of the amount claimed. For several years prior to 1921 the Brass Products Co. had sustained losses in its operations and at the beginning of such year its liabilities, exclusive of capital stock, exceeded the book value of all its assets in the amount of $82,543.42. It may be that a part of this debt was worthless prior to 1921, but no partial charge-off was authorized prior to that year. In these circumstances, especially in the light of the facts incident to the reorganization of the business, we think the deduction of the charge-off falls within the provisions of section 214 (a) (7) of the Revenue Act of 1921, and should be allowed.

Reviewed by the Board.

*Decision will be entered for the petitioner.*